IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JAMES SMITH, SALLY SMITH, KAYLA ROTELLINI, MICHAEL ROTELLINI and ANTOINETTE MACZKO, | ) ) ) ) ) | Civil Action No   19-1672 |
| Plaintiffs, | ) ) | |
| v. | ) ) | |
| WASHINGTON AREA HUMANE SOCIETY, a non-profit organization, GENE KARCH, an individual, GLEN THOMSON, an individual, and MARANDA COMBS, an individual, | ) ) ) ) ) ) | |
| | ) | JURY TRIAL DEMANDED |
| Defendants. | ) ) | Electronically Filed. |

## COMPLAINT IN A CIVIL ACTION

COME NOW, the Plaintiffs, JAMES SMITH, SALLY SMITH, KAYLA ROTELLINI, MICHAEL ROTELLINI and ANTOINETTE MACZKO, by and through their attorneys, LAW OFFICES OF JOEL SANSONE, JOEL S. SANSONE, ESQUIRE, MASSIMO A. TERZIGNI, ESQUIRE, and ELIZABETH A. TUTTLE, ESQUIRE, and hereby files this Complaint in a Civil Action as follows:

### JURISDICTION AND VENUE

1.    This is an action for the redress of grievances and in vindication of civil rights guaranteed to the Plaintiffs under the Constitution of the United States and the laws enacted in furtherance thereof, including 42 U.S.C. § 1983.

2.    This action is brought against the Defendants for violating Plaintiffs' rights under the First and Fourth Amendments of the United States Constitution and 42 U.S.C. § 1983.

EXHIBIT "A"

3.      Jurisdiction is founded on 28 U.S.C. § 1331 and § 1343(3).  Supplemental jurisdiction over Plaintiffs' state law claims is also proper pursuant to 28 U.S.C.A. § 1367.

4.      Venue is proper under 28 U.S.C.A. § 1391(b).  All claims set forth herein arose in the Western District of Pennsylvania.

<u>PARTIES</u>

5.      Plaintiff, James Smith ("JS"), is an adult individual who resides in Washington County, Pennsylvania.  Plaintiff James Smith is the husband of Plaintiff Sally Smith, the father of Plaintiff Kayla Rotellini, the father-in-law of Plaintiff Michael Rotellini and the son-in-law of Plaintiff Antoinette Maczko.

6.      Plaintiff, Sally Smith ("SS"), is an adult individual who resides in Washington County, Pennsylvania.  Plaintiff Sally Smith is the wife of Plaintiff James Smith, the mother of Plaintiff Kayla Rotellini, the mother-in-law of Plaintiff Michael Rotellini and the daughter of Plaintiff Antoinette Maczko.

7.      Plaintiff, Kayla Rotellini ("KR"), is an adult individual who resides in Washington County, Pennsylvania.  Plaintiff Kayla Rotellini is the daughter of Plaintiffs James and Sally Smith, the wife of Plaintiff Michael Rotellini and the granddaughter of Plaintiff Antionette Maczko.

8.      Plaintiff, Michael Rotellini ("MR"), is an adult individual who resides in Washington County, Pennsylvania.  Plaintiff Michael Rotellini is the husband of Plaintiff Kayla Rotellini and the son-in-law of Plaintiffs James and Sally Smith.

9.      Plaintiff, Antionette Maczko ("AM"), is an adult individual who resides in Washington County, Pennsylvania. Plaintiff Antionette Maczko is the mother of Sally Smith, the mother-in-law of James Smith and the grandmother of Kayla Rotellini.

10.     Defendant, Washington Area Humane Society ("WAHS"), is a Pennsylvania non-profit organization, society or association located at 1527 Route 136, Eighty Four, Pennsylvania 15330. Defendant WAHS employs a humane investigation officer pursuant to 22 Pa.C.S. § 3701. At all times relevant hereto, the Defendant WAHS was acting through its agents, subsidiaries, officers, employees and assigns acting within the full scope of their agency, office, employment or assignment.

11.     Defendant, Glen Thomson ("Thomson"), is now, and was at all times relevant to Plaintiffs' claims, a duly appointed and acting humane officer of Defendant WAHS, purporting to act within the full scope of his authority and office, and under color of state law, and pursuant to the statutes, ordinances, regulations and customs and usages of the Commonwealth of Pennsylvania. At all times relevant to this action, Defendant Thomson was authorized to conduct police activities related to Defendant WAHS' mission, pursuant to 22 Pa.C.S. § 3701, et. seq.

12.     Defendant, Maranda Combs ("Combs"), is now, and was at all times relevant to Plaintiffs' claims, a duly appointed and acting humane officer of Defendant WAHS, purporting to act within the full scope of her authority and office, and under color of state law, and pursuant to the statutes, ordinances, regulations and customs and usages of the Commonwealth of Pennsylvania. At all times relevant to this action, Defendant Combs was authorized to conduct police activities related to Defendant WAHS' mission, pursuant to 22 Pa.C.S. § 3701, et. seq.

13.     Defendant, Gene Karch ("Karch"), is now, and was at all times relevant to Plaintiff's claims, the chief of police in Jefferson Township, with offices located at 670 Cedar Grove Road, Burgettstown, Pennsylvania 15021. At all times relevant to this Complaint, Defendant Karch

purported to act within the full scope of his authority and office and under color of law, pursuant to the statues, ordinances, regulations and usages of the Jefferson Township Police Department.

FACTUAL ALLEGATIONS

14.     Plaintiffs JS, SS, KR, MR and AM reside together in Plaintiff JS's home, along with Plaintiffs KR and MR's two minor children and their pets.

15.     On or about August 25, 2019, Plaintiffs KR and MR's puppy escaped from Plaintiff JS's property.

16.     Sometime thereafter, Plaintiffs' puppy was found by Lacey Simpson ("Simpson").

17.     Plaintiff believe, and therefore aver, that on or about August 26, 2019, Defendant Karch contacted Defendant Thomson and/or Combs to identify the lost puppy in the custody of Ms. Simpson as belonging to Plaintiffs KR and MR.

18.     No Defendant, nor any other person, contacted any Plaintiff about the puppy's whereabouts.

19.     At that time, Plaintiffs believe, and therefore aver, Defendant Karch made false allegations of animal abuse against the Plaintiffs which Defendant Karch knew, or should have known were patently false.

20.     Defendant Karch is related to the Plaintiffs through marriage.  Notably, the Plaintiffs' family has an unstable and volatile history with Defendant Karch's family.

21.     Plaintiffs believe, and therefore aver, that Defendant Karch made these allegations of animal abuse against the Plaintiffs in order to harass and attack the Plaintiffs as a direct and proximate result of the Plaintiffs' familial association and the unstable and volatile relationship between Defendant Karch's and Plaintiffs' families.

22.     Defendant Thomson knew, or should have known, that the allegations of animal abuse made by Defendant Karsh against the Plaintiffs were patently false.

23.     Defendant Thomson had previously investigated false animal abuse allegations against the Plaintiff(s) which were proven to be unfounded and patently false.  These allegations include, but were not limited to, Plaintiff(s) burning animals and drinking animal blood.

24.     In addition to the events described hereinbefore above, Defendant WAHS, through other unnamed humane officers, had previously investigated false animal abuse allegations against the Plaintiff(s) which were proven to be unfounded and patently false.

25.     Plaintiffs believe, and therefore aver, that Defendants Thompson knew that the allegations made by Defendant Karch were materially false and, nevertheless, the Defendants conspired with each other to take the illegal and improper actions against the Plaintiffs as described in detail hereinafter below.

26.     On or about August 28, 2019, Ms. Simpson brought the puppy to Defendant WAHS.  No Plaintiff was contacted at that time, despite Defendants' knowledge of Plaintiffs' ownership of the puppy.

27.     The Plaintiffs' puppy was then diagnosed with Parvo, a contagious virus, and transported to Pittsburgh Veterinary Specialty and Emergency Center.  The puppy was euthanized sometime thereafter.  No Plaintiff was contacted at that time, despite Defendants' knowledge of Plaintiffs' ownership of the puppy.

28.     On or about September 4, 2019, Defendant Thomson obtained an invalid search warrant for the seizure of "any and all animals, alive, dead and/or unborn" on Plaintiff JS' property.

29.     The search warrant was legally insufficient because it relied on an affidavit of probable cause that lacked any probable cause.

30.     Defendants WAHS, Thomson and Combs knew, or should have known, that no animal abuse was occurring on Plaintiff JS' property.  Defendant WAHS and Thomson had previously investigated the residence and found no evidence of animal abuse.

31.     Furthermore, the search warrant did not provide specific direction as to what Defendants may or may not search, nor were any locations and/or items specifically identified, rendering a search of Plaintiffs' residence and property illegal.

32.     Plaintiffs believe, and therefore aver, that the illegal search and seizure, more fully described hereinafter below, was caused by Defendant Karch's allegations, which Defendant Thomson knew, or should have known, were materially false, and was a direct and proximate result of the unstable and volatile relationship between the Defendant Karch's and Plaintiffs' families.

33.     On or about September 4, 2019, at approximately 12 p.m., Defendants Thomson, Combs and Karch arrived on Plaintiff JS' property.  At that time, Plaintiffs SS, KR and AM were located inside the residence.

34.     Defendants Thomson and Combs served the invalid search warrant to Plaintiffs SS, KR and AM.

35.     Thereafter, Defendants unlawfully entered Plaintiffs' home, despite their knowledge that the search warrant was invalid.  Defendants knew, or should have known, that the warrant was invalid, as it was legally insufficient and lacked any probable cause, as described hereinbefore above.

36.     Plaintiffs SS and KR remained in the kitchen with Defendant Karch while Defendant Thomson and Combs conducted an unlawful search of the entire residence.  Plaintiff AM was ordered by Defendants to remain in the living room.

6

37.     Defendant Thomson and Combs' unlawful search included, but was not limited to, a search of all rooms located in the Plaintiffs' residence; a search of dresser drawers, including Plaintiff SS' underwear drawers; closets; medicine cabinets; inside computer desk drawers; trash; yard and burn bin.

38.     In contrast, Defendant Thomson and Combs spent minutes performing a search of the basement, despite the fact that the majority of Plaintiffs' pets and/or items related to Plaintiffs' pets were located in the basement.

39.     During this unlawful search and seizure, which lacked probable cause, Defendant Thomson and Combs illegally and improperly seized various pets belonging to the Plaintiffs, including a rabbit, kittens, birds and Plaintiff JS' 19-year-old dog.

40.     Defendant Thomson threatened Plaintiffs SS, KR and AM with arrest and imprisonment if Plaintiffs did not surrender their pets to Defendants Thomson and Combs.

41.     As a direct and proximate result of the threats made by Defendant Thomson and Combs, as described hereinbefore above, Plaintiffs SS, KR and AM surrendered their pets under duress.

42.     Defendant WAHS has a duty to properly train, control, discipline and/or supervise its agents, Defendants Thomson and Combs.

43.     More specifically, Defendant WAHS has a duty to properly train the named Defendants on proper search warrants and probable cause.

44.     Defendant WAHS failed to properly train, control, discipline and/or supervise its agents, Defendants Thomson and Combs, in the proper method of obtaining search warrants.

45.     Defendant WAHS's failure to properly train, control and/or supervise Defendants Thomson and Combs in the proper method of obtaining search warrants created a substantial risk of the constitutional violations identified herein.

7

46.     Plaintiff believes, and therefore avers, that Defendant WAHS allowed the named

Defendants to engage in a course, pattern, or practice of improper, unlawful and malicious

conduct, and that it ratified, endorsed, acquiesced to, or approved of the named Defendants'

unlawful conduct.

47.     After the unlawful search and seizure was completed, Plaintiff JS discovered that an

incorrect password had been entered into his computer.

48.     Plaintiffs believe, and therefore aver, that Defendants Thomson and/or Combs attempted

to search Plaintiffs' computer as part of their unlawful search and seizure.

49.     Additionally, Plaintiff JS had stored $320.00 in a desk drawer that was unlawfully

searched by Defendants Thomson and Combs.

50.     These funds, as identified hereinbefore above, was no longer located in the desk drawer

after the unlawful search and seizure was completed by Defendants Thomson and/or Combs.

51.     Plaintiffs believe, and therefore aver, that Defendants Thomson and/or Combs removed

the aforementioned money during the unlawful search of Plaintiffs' property.

52.     Plaintiffs also believe, and therefore aver, Defendants Thomson, Combs and/or Karch

made an unfounded and unsupported complaint to Child and Youth Services ("CYS") after the

completion of the unlawful search and seizure.

53.     On or about September 5, 2019, a CYS worker arrived at the Plaintiffs' home to

investigate the aforementioned complaint.

54.     Shortly thereafter, CYS issued a letter to Plaintiffs indicating that the case against them

was closed.

55.     On or about September 25, 2019, Defendant Thomson formally charged Plaintiffs KR and MR with "Cruelty to Animals" and "Neglect of Animals – Vet Care" in connection with the death of Plaintiff KR and MR's puppy.

56.     Defendant Thomson had no probable cause to charge Plaintiff KR and MR with the aforementioned charges.

57.     Plaintiffs believe, and therefore aver, that these charges were a direct and proximate result of Plaintiffs' familial association and the unstable and volatile relationship between Defendant Karch's family and Plaintiffs' family, as more fully described hereinbefore above.

58.     On or about October 1, 2019, Plaintiffs' pets were returned to the Plaintiffs.  All of the Plaintiffs' pets, including Plaintiff JS' 19-year-old dog, had been neutered and/or spayed by Defendant WAHS.

59.     On or about October 11, 2019, all charges against Plaintiffs KR and MR were dismissed.

60.     As a direct and proximate result of Defendants' improper and illegal conduct, and each of them, Plaintiffs have suffered and continue to suffer, severe emotional distress as a direct result of Defendants' unlawful actions.

COUNT I:

PLAINTIFFS v. ALL DEFENDANTS

VIOLATION OF PLAINTIFF'S CONSTITUTIONAL RIGHTS,
SPECIFICALLY, 42 U.S.C. §1983 AND THE FOURTH AMENDMENT
TO THE UNITED STATES CONSTITUTION

UNLAWFUL SEARCH AND SEIZURE

61.     Plaintiffs incorporate by reference Paragraphs 1 through 60 as though fully set forth at length herein.

62.     The actions of Defendant Karch in making false claims against the Plaintiffs initiated the chain of events that eventually led to the constitutional violations suffered by the Plaintiffs. Defendant Karch knew, or should have known through the exercise of reasonable caution, that such actions were likely to lead to the constitutional violations outlined herein.

63.     At all times relevant to this Complaint, Defendants Thomson and Combs were exercising their powers as a state actors and humane police officers on behalf of and as employees of Defendant WAHS.  Defendant WAHS provided Defendants Thomson and Combs with resources and otherwise aided and abetted Defendants' unlawful search and seizures.

64.     Defendants Thomson and Combs intentionally and recklessly sought and obtained an invalid, unlawful search warrant lacking probable cause.  Defendants used that warrant to make an illegal search of Plaintiff's property and an illegal seizure of Plaintiff's property.

65.     Defendants Thomson and Combs knew, or should have known through the exercise of reasonable caution, that no reasonable basis existed for issuance and execution of a search warrant on the Plaintiff's property and for the seizure of any property of the Plaintiffs. Defendants Thomson and Combs also knew, or should have known through the exercise of reasonable caution, that no reasonable basis existed for seizing Plaintiffs' pets.

66.     Obtaining and executing a search warrant without probable cause, as well as seizing Plaintiff's property, constitutes malice on the part of the named Defendants.

67.     Defendants Thomson, Combs and Karch acted under the color of law and their actions constituted an arbitrary and unconscionable abuse of government authority.

68.     Obtaining and executing an illegal, invalid search warrant without probable cause, and the seizure of Plaintiffs' property without just cause or valid excuse, constituted an unlawful

search and seizure by Defendants Thomson, Combs and Karch in violation of Plaintiffs' rights

under 42 U.S.C. §1983 and the Fourth Amendment to the United States Constitution.

69.     As a direct and proximate result of the acts described hereinbefore above perpetrated by

the Defendants, and each of them, Plaintiffs suffered the following injuries and damages:

> a.     a violation of Plaintiffs' constitutional rights under 42 U.S.C. §1983 and
>        the Fourth Amendment to the United States Constitution;
>
> b.     fright, horror and shock;
>
> c.     emotional trauma and suffering;
>
> d.     economic damages related to cost
>        of suit; and
>
> e.     any and all other consequential damages.

70.     The actions of the Defendants, and each of them, were willful, wanton and/or done with a

reckless disregard for the rights of Plaintiff, thereby subjecting the individual Defendants, and

each of them, to punitive damages.

WHEREFORE, Plaintiffs demand compensatory general damages against the

Defendants, and each of them, in the amount proven at trial; compensatory special damages

including, but not limited to, costs of suit; reasonable attorney's fees as permitted by law; pre-

and post-judgment interest as permitted by law; punitive damages against the individual

Defendants, and each of them; and such other relief, including injunctive and/or declaratory

relief, as this Court may deem proper.

JURY TRIAL DEMANDED

11

## COUNT II:

### PLAINTIFFS KR and MR v. DEFENDANT THOMSON

### VIOLATION OF PLAINTIFF'S CONSTITUTIONAL RIGHTS, SPECIFICALLY, 42 U.S.C. §1983 AND THE FIRST AMENDMENT TO THE UNITED STATES CONSTITUTION

### MALICIOUS PROSECUTION

71.    Plaintiffs incorporate by reference Paragraphs 1 through 70 as though fully set forth at length herein.

72.    Plaintiffs KR and MR claim damages for the injuries set forth herein under 42 U.S.C. §1983 against the above-captioned Defendant for violations of Plaintiffs' constitutional rights under color of law.

73.    Defendant Thomson intentionally initiated the prosecution of the Plaintiffs without probable cause.

74.    Defendant Thomson knew, or should have known, that there was no reasonable basis for the aforementioned criminal charge to be brought against Plaintiffs KR and MR.

75.    Charging Plaintiffs without probable cause constitutes malice on the part of Defendant Thomson.

76.    Plaintiffs believe, and therefore aver, that the charges brought against them were a direct and proximate result of their familial association and the unstable and volatile relationship between Defendant Karch's and Plaintiffs' families, in direct violation of the First Amendment of the United States Constitution.

77.    Plaintiffs believe, and therefore aver, that Defendant Thompson knew that the allegations made by Defendant Karch, as described more fully above, were materially false and,

12

nevertheless, the Defendants conspired with each other to take the illegal and improper actions against the Plaintiffs.

78.     As a direct result of the acts described hereinbefore above, perpetrated by Defendant Thompson, Plaintiffs KR and MR suffered the following injuries and damages:

a.      a violation of Plaintiffs' constitutional rights under 42 U.S.C. §1983 and the First Amendment to the United States Constitution;

b.      fright, horror and shock;

c.      emotional trauma and suffering;

d.      economic damages related to cost of suit; and

e.      any and all other consequential damages.

79.     Defendant Thomson's actions were willful, wanton and/or done with a reckless disregard for the rights of Plaintiff, thereby subjecting Defendant Thomson to punitive damages.

WHEREFORE, Plaintiffs KR and MR demand compensatory general damages against Defendant Thomson in the amount proven at trial; compensatory special damages including, but not limited to, costs of suit; reasonable attorney's fees as permitted by law; pre- and post-judgment interest as permitted by law; punitive damages; and such other relief, including injunctive and/or declaratory relief, as this Court may deem proper.

JURY TRIAL DEMANDED

## COUNT III:

### ALL PLAINTIFFS v. ALL DEFENDANTS

### VIOLATION OF PLAINTIFF'S CONSTITUTIONAL RIGHTS, SPECIFICALLY, 42 U.S.C. §1983 AND THE FIRST AMENDMENT TO THE UNITED STATES CONSTITUTION

### RETALIATION

80.    Plaintiffs incorporate by reference Paragraphs 1 through 79 as though fully set forth at length herein.

81.    Defendants Thomson and Combs, through their authority and training provided by Defendant WAHS, and Defendant Karch illegally entered the Plaintiffs' residence and performed an unlawful search and seizure without any probable cause.

82.    Plaintiffs believe, and therefore aver, that Defendants intentionally initiated the illegal search and seizure without probable cause as a direct and proximate result of their familial association and the unstable and volatile relationship between Defendant Karch's and Plaintiffs' families, in direct violation of the First Amendment of the United States Constitution.

83.    Defendant Thomson intentionally initiated the prosecuted Plaintiffs KR and MR without probable cause.

84.    Plaintiffs believe, and therefore aver, that Defendant Thomson intentionally initiated the prosecution of the Plaintiffs without probable cause as a direct and proximate result of their familial association and the unstable and volatile relationship between Defendant Karch's and Plaintiffs' families, in direct violation of the First Amendment of the United States Constitution.

85.     As a direct result of the acts described hereinbefore above, perpetrated by Defendant Thomson, Plaintiff suffered the following injuries and damages:

    a.      a violation of Plaintiffs' constitutional rights under 42 U.S.C. §1983 and the First Amendment to the United States Constitution;

    b.      fright, horror and shock;

    c.      emotional trauma and suffering;

    d.      economic damages related to cost of suit; and

    e.      any and all other consequential damages.

86.     The actions of the Defendants were willful, wanton and/or done with a reckless disregard for the rights of Plaintiff, thereby subjecting Defendant Thomson to punitive damages.

WHEREFORE, Plaintiffs demand compensatory general damages against the Defendant Thomson, in the amount proven at trial; compensatory special damages including, but not limited to, costs of suit; reasonable attorney's fees as permitted by law; pre- and post-judgment interest as permitted by law; punitive damages; and such other relief, including injunctive and/or declaratory relief, as this Court may deem proper.

COUNT IV:

ALL PLANTIFFS v. DEFENDANTS THOMSON, COMBS AND KARCH

VIOLATION OF PLAINTIFF'S CONSTITUTIONAL RIGHTS,
SPECIFICALLY, 42 U.S.C. §1983 AND THE FOURTH AND FIRST
AMENDMENTS TO THE UNITED STATES CONSTITUTION

CONSPIRACY

87.     Plaintiffs incorporate by reference Paragraphs 1 through 86 as though fully set forth at length herein.

88.     Plaintiffs believe, and therefore aver, that the named Defendants Thomson and/or Combs

knew, or should have known, with the exercise of reasonable caution, that the allegations made by Defendant Karch were untrue and provided no probable cause for the unlawful actions of the Defendants Thomson and/or Combs as described more fully hereinbefore above.

89.     Notwithstanding the foregoing, Defendants Thomson and/or Combs and Defendant Karch conspired to violate the constitutional rights of the Plaintiff as described more fully hereinbefore above.

90.     Plaintiffs believe, and therefore aver, that Defendant Thomson intentionally initiated the prosecution of the Plaintiffs without probable cause as a direct and proximate result of their familial association and the unstable and volatile relationship between Defendant Karch's and Plaintiffs' families, in direct violation of the First Amendment of the United States Constitution.

91.     Defendant Karsh made false allegations against the Plaintiff, and remained silent and took no action to deter Defendant Thomson and/or Combs from violating the Plaintiff's rights as aforementioned.  The actions and inaction of Defendant Karch were both in furtherance of the conspiracy.

92.     The actions of Defendants Thomson and Combs in seeking, obtaining and executing a search warrant on Plaintiffs' property without probable cause, and the unlawful seizure of Plaintiffs' property, constituted actions in furtherance of the conspiracy.

93.     As a direct and proximate result of the conspiracy between Defendants Thomson and/or Combs and Defendant Karch, the Plaintiffs suffered the following injuries and damages:

    a.    a violation of Plaintiffs' constitutional rights under 42 U.S.C. §1983 and the First and Fourth Amendments to the United States Constitution;

    b.    fright, horror and shock;

    c.    emotional trauma and suffering;

16

     d.     economic damages related to cost
               of suit; and

     e.     any and all other consequential damages.

94.     The actions of the Defendants, and each of them, were willful, wanton and/or done with a reckless disregard for the rights of Plaintiff, thereby subjecting the individual Defendants, and each of them, to punitive damages.

WHEREFORE, Plaintiffs demand compensatory general damages against the Defendants, and each of them, in the amount proven at trial; compensatory special damages including, but not limited to, costs of suit; reasonable attorney's fees as permitted by law; pre- and post-judgment interest as permitted by law; punitive damages against the individual Defendants, and each of them; and such other relief, including injunctive and/or declaratory relief, as this Court may deem proper.

JURY TRIAL DEMANDED

COUNT V:

ALL PLANTIFFS v. DEFENDANTS THOMSON, COMBS AND KARCH

VIOLATION OF PLAINTIFF'S
PENNSYLVANIA COMMON LAW RIGHTS

<u>TRESSPASS</u>

95.     Plaintiffs incorporate by reference Paragraphs 1 through 94 as though fully set forth at length herein.

96.     Defendants Thomson, Combs and Karch intentionally entered Plaintiff's property without Plaintiffs' consent or any privilege to do so.

97.     Thereafter, Defendants Thomson, Combs and Karch intentionally remained on Plaintiffs' property for some period of time without Plaintiff's consent or any privilege to do so.

17

98.     As a direct result of the acts described hereinbefore above, perpetrated by the named

Defendants, Plaintiffs suffered the following injuries and damages:

    a.      a violation of Plaintiffs' rights under Pennsylvania Common Law;

    b.      fright, horror and shock;

    c.      emotional trauma and suffering;

    d.      economic damages related to cost
            of suit; and

    e.      any and all other consequential damages.

99.     The actions of the Defendants, and each of them, were willful, wanton and/or done with a

reckless disregard for the rights of Plaintiffs, thereby subjecting the individual Defendants, and

each of them, to punitive damages.

       WHEREFORE, Plaintiffs demand compensatory general damages against the

Defendants, and each of them, in the amount proven at trial; compensatory special damages

including, but not limited to, costs of suit; reasonable attorney's fees as permitted by law; pre-

and post-judgment interest as permitted by law; punitive damages against the individual

Defendants, and each of them; and such other relief, including injunctive and/or declaratory

relief, as this Court may deem proper.

                                   JURY TRIAL DEMANDED

COUNT VI:

ALL PLANTIFFS v. DEFENDANTS THOMSON, COMBS AND KARCH

VIOLATION OF PLAINTIFF'S
PENNSYLVANIA COMMON LAW RIGHTS

<u>TRESPASS TO CHATTEL</u>

100.     Plaintiffs incorporate by reference Paragraphs 1 through 99 as though fully set forth at length herein.

101.     Defendants Thomson, Combs and Karch intentionally deprived the Plaintiffs of their possessions, *i.e.* their pets and Plaintiff JS' $320.00, without Plaintiffs' consent and without any lawful justification to do so.

102.     To date, Plaintiff JS' money has not been returned.

103.      As a direct result of the acts described hereinbefore above, perpetrated by the named Defendants, Plaintiffs suffered the following injuries and damages:

      a.      Plaintiff's rights under Pennsylvania Common Law were violated;

      b.      fright, horror and shock;

      c.      emotional trauma and suffering;

      d.      economic damages related to cost
                 of suit; and

      e.      any and all other consequential damages.

104.     The actions of the Defendants, and each of them, were willful, wanton and/or done with a reckless disregard for the rights of Plaintiffs, thereby subjecting the individual Defendants, and each of them, to punitive damages.

      WHEREFORE, Plaintiffs demand compensatory general damages against the Defendants, and each of them, in the amount proven at trial; compensatory special damages

including, but not limited to, costs of suit; reasonable attorney's fees as permitted by law; pre-

and post-judgment interest as permitted by law; punitive damages against the individual

Defendants, and each of them; and such other relief, including injunctive and/or declaratory

relief, as this Court may deem proper.

JURY TRIAL DEMANDED

COUNT VII:

PLANTIFFS V. DEFENDANTS KARCH, THOMSON AND COMBS

VIOLATION OF PLAINTIFF'S<br>PENNSYLVANIA COMMON LAW RIGHTS

INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

105.    Plaintiffs incorporate by reference Paragraphs 1 through 104 as though fully set forth at

length herein.

106.    The aforementioned conduct of Defendants Thomson and Combs is extreme and

outrageous.  As a direct and proximate result of said conduct Plaintiffs suffered, and continue to

suffer, severe emotional distress and physical manifestations of stress.

107.    As a direct and proximate result of the intentional conduct of Defendants Karch,

Thomson and Combs, Plaintiffs suffered, and will continue to suffer for an indefinite period into

the future, great pain, suffering, inconvenience, mental anguish, emotional distress and physical

injury including, but not limited to, psychological problems, embarrassment, inconvenience and

humiliation.

108.    As a direct and proximate result of the acts described hereinbefore above perpetrated by

the Defendants, and each of them, Plaintiff suffered the following injuries and damages:

        a.      violation of her Pennsylvania Common Law rights;

20

b.      fright, horror and shock;

c.      emotional trauma and suffering;

d.      economic damages related to cost
            of suit; and

e.      any and all other consequential damages.

109.    The actions of the named Defendants, and each of them, were willful, wanton and/or

done with a reckless disregard for the rights of Plaintiffs, thereby subjecting the individual

Defendants, and each of them, to punitive damages.

WHEREFORE, Plaintiffs demand compensatory general damages against the

Defendants, and each of them, in the amount proven at trial; compensatory special damages

including, but not limited to, costs of suit; reasonable attorney's fees as permitted by law; pre-

and post-judgment interest as permitted by law; punitive damages against the Defendants, and

each of them; and such other relief, including injunctive and/or declaratory relief, as this Court

may deem proper.

JURY TRIAL DEMANDED

Respectfully submitted,

LAW OFFICES OF JOEL SANSONE

s/ Joel S. Sansone
Joel S. Sansone, Esquire
PA ID No. 41008
Massimo A. Terzigni, Esquire
PA ID No. 317165
Elizabeth A. Tuttle, Esquire
PA ID No. 322888
*Counsel for Plaintiff*

Law Offices of Joel Sansone
Two Gateway Center, Suite 1290
603 Stanwix Street
Pittsburgh, Pennsylvania 15222
412.281.9194

Dated:  December 27, 2019