IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JAMES SMITH, SALLY SMITH, KAYLA ROTELLINI, MICHAEL ROTELLINI and ANTOINETTE MACZKO, | ) ) ) ) | Civil Action No. 2:19-cv-01672 |
| | ) | HONORABLE WILLIAM S. STICKMAN |
| Plaintiffs, | ) ) | |
| v. | ) ) | |
| WASHINGTON AREA HUMANE SOCIETY, a non-profit organization, GENE KARCH, an individual, GLEN THOMSON, an individual, and MARANDA COMBS, an individual, | ) ) ) ) ) ) ) ) | |
| Defendants. | ) | Electronically Filed. |

BRIEF IN OPPOSITION TO DEFENDANT GENE KARCH'S
MOTION TO DISMISS PLAINTIFFS' COMPLAINT

COMES NOW, the Plaintiffs, JAMES SMITH, SALLY SMITH, KAYLA ROTELLINI, MICHAEL ROTELLINI and ANTIONETTE MACZKO, by and through their attorneys, LAW OFFICES OF JOEL SANSONE, JOEL S. SANSONE, ESQUIRE, MASSIMO A. TERZIGNI, ESQUIRE, and ELIZABETH A. TUTTLE, ESQUIRE, and hereby files this response to Defendant's Motion to Dismiss Plaintiffs' Complaint as follows:

I. INTRODUCTION

Defendant, Gene Karch ("Karch")[1], has filed a Motion to Dismiss Plaintiffs' Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). Defendant Karch challenges the sufficiency of Plaintiffs' Complaint and contends that it must be dismissed in its entirety.

---

[1] Plaintiffs hereby respectfully withdraw their claim of Intentional Infliction of Emotional Distress at Count VII of their Complaint. Plaintiffs also respectfully withdraw their claim of Trespass to Chattel at Count VI of their Complaint against Defendant Karch, only.

Defendant Karch's arguments lack merit. Plaintiffs have set forth plausible claims for relief in their Complaint that would allow this Court to draw the reasonable inference that Defendant Karch is liable for the misconduct alleged.

Therefore, for the following reasons, Plaintiffs respectfully request that this Honorable Court deny Defendant's Motion to Dismiss Plaintiffs' Complaint in its entirety.

II. ARGUMENT

The Third Circuit discussed the standard for reviewing 12(b)(6) motions when it observed:

> Under the "notice pleading" standard embodied in Rule 8 of the Federal Rules of Civil Procedure, a plaintiff must come forward with "a short and plain statement of the claim showing that the pleader is entitled to relief." As explicated in *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009), a claimant must state a "plausible" claim for relief, and "[a] claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. Although "[f]actual allegations must be enough to raise a right to relief above the speculative level," *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007), a plaintiff "need only put forth allegations that raise a reasonable expectation that discovery will reveal evidence of the necessary element." *Fowler,* 578 F.3d at 213 (quotation marks and citations omitted*); see also Covington v. Int'l Ass'n of Approved Basketball Officials*, 710 F.3d 114, 117-18 (3d Cir. 2013).

*Thompson v. Real Estate Mortg. Network*, 2014 U.S. App. LEXIS 6150, 6-7 (3d Cir. Apr. 3, 2014).

**A.      Plaintiffs were Subjected to an Unlawful Search and Seizure.**

Pursuant to Federal Rule of Civil Procedure 10, Plaintiffs adopt in its entirety and incorporate as thouugh set forth at length herein the arguments set forth in Section B of their Brief in Opposition to Defendants Washington Area Human Society ("WAHS"), Glen Thomson ("Thomson") and Maranda Combs' ("Combs") Motion to Dismiss Plaintiffs' Complaint.

2

**B.     Defendant Karch Retaliated Against the Plaintiffs based on their Familial Relationship.**

Pursuant to Federal Rule of Civil Procedure 10, Plaintiffs adopt in its entirety and incorporate as though set forth at length herein the arguments set forth in Section D of their Brief in Opposition to Defendants WAHS, Thomson and Combs' Motion to Dismiss Plaintiffs' Complaint.

**C.     Plaintiffs Adequately Pled Facts that Established their Conspiracy Claim.**

Pursuant to Federal Rule of Civil Procedure 10, Plaintiffs adopt in its entirety and incorporate as though set forth at length herein the arguments set forth in Section E of their Brief in Opposition to Defendants WAHS, Thomson and Combs' Motion to Dismiss Plaintiffs' Complaint.

**D.     Plaintiffs Adequately Pled Facts that Established a Trespass.**

Pursuant to Federal Rule of Civil Procedure 10, Plaintiffs adopt in its entirety and incorporate as though set forth at length herein the arguments set forth in Section F.i. of their Brief in Opposition to Defendants WAHS, Thomson and Combs' Motion to Dismiss Plaintiffs' Complaint.

**E.     Defendant Karch is Not Entitled to Qualified Immunity.**

Pursuant to Federal Rule of Civil Procedure 10, Plaintiffs adopt in its entirety and incorporate as though set forth at length herein the arguments set forth in Section G of their Brief in Opposition to Defendants WAHS, Thomson and Combs' Motion to Dismiss Plaintiffs' Complaint.

**F.     Plaintiffs are Entitled to Punitive Damages.**

Pursuant to Federal Rule of Civil Procedure 10, Plaintiffs adopt in its entirety and incorporate as though set forth at length herein the arguments set forth in Section H of their Brief

in Opposition to Defendants WAHS, Thomson and Combs' Motion to Dismiss Plaintiffs' Complaint.

## III. CONCLUSION

For the reasons set forth above, Plaintiffs respectfully request that this Honorable Court deny Defendant's Motion to Dismiss Plaintiffs' Complaint in its entirety.

Respectfully submitted,

LAW OFFICES OF JOEL SANSONE

s/ Joel S. Sansone
Joel S. Sansone, Esquire
PA ID No. 41008
Massimo A. Terzigni, Esquire
PA ID No. 317165
Elizabeth A. Tuttle, Esquire
PA ID No. 322888
*Counsel for Plaintiff*

Law Offices of Joel Sansone
Two Gateway Center, Suite 1290
603 Stanwix Street
Pittsburgh, Pennsylvania 15222
412.281.9194

Dated: April 10, 2020