IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JAMES SMITH, SALLY SMITH, KAYLA ROTELLINI, MICHAEL ROTELLINI and ANTOINETTE MACZKO, | ) ) ) ) ) | Civil Action No. 2:19-cv-1672 |
| Plaintiffs, | ) ) | HONORABLE WILLIAM S. STICKMAN |
| v. | ) ) | |
| GENE KARCH, an individual, | ) ) | JURY TRIAL DEMANDED |
| Defendant. | ) | Electronically Filed. |

AMENDED COMPLAINT IN A CIVIL ACTION

COME NOW, the Plaintiffs, JAMES SMITH, SALLY SMITH, KAYLA ROTELLINI, MICHAEL ROTELLINI and ANTOINETTE MACZKO, by and through their attorneys, LAW OFFICES OF JOEL SANSONE, JOEL S. SANSONE, ESQUIRE, MASSIMO A. TERZIGNI, ESQUIRE, and ELIZABETH A. TUTTLE, ESQUIRE, and hereby files this Amended Complaint in a Civil Action as follows:

JURISDICTION AND VENUE

1. This is an action for the redress of grievances and in vindication of civil rights guaranteed to the Plaintiffs under the Constitution of the United States and the laws enacted in furtherance thereof, including 42 U.S.C. § 1983.

2. This action is brought against the Defendants for violating Plaintiffs' rights under the First and Fourth Amendments of the United States Constitution and 42 U.S.C. § 1983.

3. Jurisdiction is founded on 28 U.S.C. § 1331 and § 1343(3). Supplemental jurisdiction over Plaintiffs' state law claims is also proper pursuant to 28 U.S.C.A. § 1367.

4.      Venue is proper under 28 U.S.C.A. § 1391(b). All claims set forth herein arose in the Western District of Pennsylvania.

## PARTIES

5.      Plaintiff, James Smith ("JS"), is an adult individual who resides in Washington County, Pennsylvania. Plaintiff James Smith is the husband of Plaintiff Sally Smith, the father of Plaintiff Kayla Rotellini, the father-in-law of Plaintiff Michael Rotellini and the son-in-law of Plaintiff Antoinette Maczko.

6.      Plaintiff, Sally Smith ("SS"), is an adult individual who resides in Washington County, Pennsylvania. Plaintiff Sally Smith is the wife of Plaintiff James Smith, the mother of Plaintiff Kayla Rotellini, the mother-in-law of Plaintiff Michael Rotellini and the daughter of Plaintiff Antoinette Maczko.

7.      Plaintiff, Kayla Rotellini ("KR"), is an adult individual who resides in Washington County, Pennsylvania. Plaintiff Kayla Rotellini is the daughter of Plaintiffs James and Sally Smith, the wife of Plaintiff Michael Rotellini and the granddaughter of Plaintiff Antionette Maczko.

8.      Plaintiff, Michael Rotellini ("MR"), is an adult individual who resides in Washington County, Pennsylvania. Plaintiff Michael Rotellini is the husband of Plaintiff Kayla Rotellini and the son-in-law of Plaintiffs James and Sally Smith.

9.      Plaintiff, Antionette Maczko ("AM"), is an adult individual who resides in Washington County, Pennsylvania. Plaintiff Antionette Maczko is the mother of Sally Smith, the mother-in-law of James Smith and the grandmother of Kayla Rotellini.

10.     Defendant, Gene Karch ("Karch"), is now, and was at all times relevant to Plaintiff's claims, the chief of police in Jefferson Township, with offices located at 670 Cedar Grove Road,

Burgettstown, Pennsylvania 15021. At all times relevant to this Complaint, Defendant Karch purported to act within the full scope of his authority and office and under color of law, pursuant to the statues, ordinances, regulations and usages of the Jefferson Township Police Department.

FACTUAL ALLEGATIONS

11. Plaintiffs JS, SS, KR, MR and AM reside together in Plaintiff JS's home, along with Plaintiffs KR and MR's two minor children and their pets.

12. On or about August 25, 2019, Plaintiffs KR and MR's puppy escaped from Plaintiff JS's property.

13. Sometime thereafter, Plaintiffs' puppy was found by Lacey Simpson ("Simpson").

14. Plaintiffs believe, and therefore aver, that on or about August 26, 2019, Defendant Karch contacted Glen Thomson ("Thompson") and/or Maranda Combs ("Combs"), humane officers employed by the Washington Area Humane Society ("WAHS"), to identify the lost puppy in the custody of Ms. Simpson as belonging to Plaintiffs KR and MR.

15. Neither Defendant Karch, nor any other person, contacted any Plaintiff about the puppy's whereabouts.

16. At that time, Plaintiffs believe, and therefore aver, that Defendant Karch made allegations of animal abuse against the Plaintiffs which Defendant Karch knew, or should have known, were patently false.

17. Defendant Karch's statements were untrue, misleading, highly inflammatory, inappropriate and deliberately painted the Plaintiffs in a poor and false light to members of their community and otherwise defamed the Plaintiffs' characters.

18. Defendant Karch is related to the Plaintiffs through marriage. Notably, the Plaintiffs' family has an unstable and volatile history with Defendant Karch's family.

19. Plaintiffs believe, and therefore aver, that Defendant Karch made these false allegations of animal abuse against the Plaintiffs in order to harass and attack the Plaintiffs as a direct and proximate result of the Plaintiffs' familial association and the unstable and volatile relationship between Defendant Karch's and Plaintiffs' families.

20. Furthermore, Plaintiffs believe, and therefore aver, that Defendant Karch made these false allegations of animal abuse against the Plaintiffs as a direct result of, and in retaliation for, their familial association with one another and the animosity between his family and that of the Plaintiffs.

21. Mr. Thomson knew, or should have known, that the allegations of animal abuse made by Defendant Karsh against the Plaintiffs were patently false.

22. Mr. Thomson had previously investigated false animal abuse allegations against the Plaintiff(s) which were proven to be unfounded and patently false. These allegations include, but were not limited to, Plaintiff(s) burning animals and drinking animal blood.

23. In addition to the events described hereinbefore above, WAHS, through other unnamed humane officers, had previously investigated false animal abuse allegations against the Plaintiff(s) which were proven to be unfounded and patently false.

24. On or about August 28, 2019, Ms. Simpson brought the puppy to WAHS. No Plaintiff was contacted at that time, despite Defendant Karch's, Mr. Thompson's and/or Ms. Comb's knowledge of Plaintiffs' ownership of the puppy.

25. The Plaintiffs' puppy was then diagnosed with Parvo, a contagious virus, and transported to Pittsburgh Veterinary Specialty and Emergency Center. The puppy was euthanized sometime thereafter. No Plaintiff was contacted at that time, despite Defendant Karch's, Mr. Thompson's and/or Ms. Comb's knowledge of Plaintiffs' ownership of the puppy.

26. On or about September 4, 2019, Defendant Thomson obtained an invalid search warrant for the seizure of "any and all animals, alive, dead and/or unborn" on Plaintiff JS' property.

27. This search warrant was legally insufficient because it relied on an affidavit of probable cause that lacked any probable cause. Specifically, Plaintiffs believe, and therefore aver, that that the warrant was directly premised upon Defendant Karch's false allegations of animal abuse.

28. Plaintiffs believe, and therefore aver, that the illegal search and seizure, more fully described hereinafter below, was caused by Defendant Karch's allegations, which Mr. Thomson knew, or should have known, were materially false, and was a direct and proximate result of the animosity between Defendant Karch's and Plaintiffs' families.

29. On or about September 4, 2019, at approximately 12 p.m., Defendant Karch, along with Mr. Thomson and Ms. Combs, arrived on Plaintiff JS' property. At that time, Plaintiffs SS, KR and AM were located inside the residence.

30. At that time, Mr. Thomson and Ms. Combs served the invalid search warrant to Plaintiffs SS, KR and AM.

31. Thereafter, Defendant Karch, Mr. Thompson and Ms. Combs unlawfully entered Plaintiffs' home, despite their knowledge that the search warrant was invalid. Defendant Karch, Mr. Thompson and Ms. Combs knew, or should have known, that the warrant was invalid, as it was legally insufficient and lacked any probable cause, as described hereinbefore above.

32. Plaintiffs SS and KR remained in the kitchen with Defendant Karch while Mr. Thomson and Ms. Combs conducted an unlawful search of the entire residence. Plaintiff AM was ordered by Defendant Karch, Mr. Thompson and Ms. Combs to remain in the living room.

33. At that time, Plaintiffs SS, KR and AM were detained by Defendant Karch, without probable cause, for the duration of the unlawful search.

5

34. During this unlawful search and seizure, which lacked probable cause, Mr. Thomson and Ms. Combs illegally and improperly seized various pets belonging to the Plaintiffs, including a rabbit, kittens, birds and Plaintiff JS' 19-year-old dog. Furthermore, funds in the amount of $320.00 were missing from Plaintiff JS' desk drawer at the conclusion of the unlawful search and seizure.

35. Plaintiffs believe, and therefore aver, that Defendant Karch, Mr. Thomson and/or Ms. Combs made an unfounded and unsupported complaint to Child and Youth Services ("CYS") after the completion of the unlawful search and seizure.

36. This complaint, as described hereinbefore above, was untrue, misleading, highly inflammatory, inappropriate and deliberately painted the Plaintiffs in a poor and false light to members of their community and otherwise defamed Plaintiffs' characters.

37. On or about September 5, 2019, a CYS worker arrived at the Plaintiffs' home to investigate the aforementioned complaint.

38. Shortly thereafter, CYS issued a letter to the Plaintiffs indicating that the case against them was closed.

39. As a direct and proximate result of Defendant Karch's improper and illegal conduct, Plaintiffs have suffered, and continue to suffer, severe emotional distress as a direct result of Defendants' unlawful actions.

## COUNT I:

## PLAINTIFFS v. DEFENDANT KARCH

## VIOLATION OF PLAINTIFF'S CONSTITUTIONAL RIGHTS, SPECIFICALLY, 42 U.S.C. §1983 AND THE FOURTH AMENDMENT TO THE UNITED STATES CONSTITUTION

## UNLAWFUL SEARCH AND SEIZURE

40. Plaintiffs incorporate by reference Paragraphs 1 through 40 as though fully set forth at length herein.

41. The actions of Defendant Karch, in making false claims against the Plaintiffs, initiated the chain of events that eventually led to the constitutional violations suffered by the Plaintiffs. Defendant Karch knew, or should have known through the exercise of reasonable caution, that such actions were likely to lead to the constitutional violations outlined herein.

42. Defendant Karch participated in the unlawful search of Plaintiffs' property based on a legally invalid warrant, as described hereinbefore above.

43. Defendant Karch detained Plaintiffs SS, KR and AM, without probable cause, during the pendency of the unlawful search of Plaintiffs' property.

44. Defendant Karch acted under the color of law and his actions constituted an arbitrary and unconscionable abuse of government authority.

45. As a direct and proximate result of the acts described hereinbefore above perpetrated by Defendant Karch, Plaintiffs suffered the following injuries and damages:

    a. a violation of Plaintiffs' constitutional rights under 42 U.S.C. §1983 and the Fourth Amendment to the United States Constitution;

    b. fright, horror and shock;

    c. emotional trauma and suffering;

    d. economic damages related to cost

  of suit; and

 e. any and all other consequential damages.

46. The actions of Defendant Karch were willful, wanton and/or done with a reckless disregard for the rights of Plaintiff, thereby subjecting Defendant Karch to punitive damages.

 WHEREFORE, Plaintiffs demand compensatory general damages against Defendant Karch in the amount proven at trial; compensatory special damages including, but not limited to, costs of suit; reasonable attorney's fees as permitted by law; pre- and post-judgment interest as permitted by law; punitive damages; and such other relief, including injunctive and/or declaratory relief, as this Court may deem proper.

JURY TRIAL DEMANDED

COUNT II:

ALL PLAINTIFFS v. DEFENDANT KARCH

VIOLATION OF PLAINTIFF'S CONSTITUTIONAL RIGHTS,<br>SPECIFICALLY, 42 U.S.C. §1983 AND THE FIRST AMENDMENT<br>TO THE UNITED STATES CONSTITUTION

<u>RETALIATION</u>

47. Plaintiffs incorporate by reference Paragraphs 1 through 47 as though fully set forth at length herein.

48. Defendant Karch, along with Mr. Thompson and Ms. Combs illegally entered the Plaintiffs' residence and performed an unlawful search without any probable cause.

49. Plaintiffs believe, and therefore aver, that Defendant Karch intentionally initiated the illegal search without probable cause as a direct and proximate result of their familial association, in direct violation of the First Amendment of the United States Constitution.

50. As a direct result of the acts described hereinbefore above, perpetrated by Defendant Karch, Plaintiff suffered the following injuries and damages:

    a. a violation of Plaintiffs' constitutional rights under 42 U.S.C. §1983 and the First Amendment to the United States Constitution;

    b. fright, horror and shock;

    c. emotional trauma and suffering;

    d. economic damages related to cost of suit; and

    e. any and all other consequential damages.

51. The actions of Defendant Karch were willful, wanton and/or done with a reckless disregard for the rights of the Plaintiffs, thereby subjecting Defendant Karch to punitive damages.

WHEREFORE, Plaintiffs demand compensatory general damages against Defendant Karch, in the amount proven at trial; compensatory special damages including, but not limited to, costs of suit; reasonable attorney's fees as permitted by law; pre- and post-judgment interest as permitted by law; punitive damages; and such other relief, including injunctive and/or declaratory relief, as this Court may deem proper.

COUNT III:

ALL PLANTIFFS v. DEFENDANT KARCH

VIOLATION OF PLAINTIFF'S
PENNSYLVANIA COMMON LAW RIGHTS

<u>TRESSPASS</u>

52. Plaintiffs incorporate by reference Paragraphs 1 through 51 as though fully set forth at length herein.

53. Defendant Karch intentionally entered Plaintiffs' property without Plaintiffs' consent or any privilege to do so.

9

54.     Thereafter, Defendant Karch intentionally remained on Plaintiffs' property for some period of time without Plaintiff's consent or any privilege to do so.

55.     As a direct result of the acts described hereinbefore above, perpetrated by Defendant Karch, Plaintiffs suffered the following injuries and damages:

    a.  a violation of Plaintiffs' rights under Pennsylvania Common Law;

    b.  fright, horror and shock;

    c.  emotional trauma and suffering;

    d.  economic damages related to cost of suit; and

    e.  any and all other consequential damages.

56.     The actions of Defendant Karch were willful, wanton and/or done with a reckless disregard for the rights of the Plaintiffs, thereby subjecting Defendant Karch, to punitive damages.

WHEREFORE, Plaintiffs demand compensatory general damages against Defendant Karch in the amount proven at trial; compensatory special damages including, but not limited to, costs of suit; reasonable attorney's fees as permitted by law; pre- and post-judgment interest as permitted by law; punitive damages; and such other relief, including injunctive and/or declaratory relief, as this Court may deem proper.

                                                    JURY TRIAL DEMANDED

COUNT IV:

PLAINTIFFS v. DEFENDANT KARCH

VIOLATION OF PLAINTIFF'S PENNSYLVANIA
COMMON LAW RIGHTS

SLANDER PER SE

57.     Plaintiff incorporates by reference Paragraphs 1 through 56 as though fully set forth at length herein.

58.     The aforementioned actions of Defendant Karch constituted slander and resulted in irreparable damage to Plaintiff's reputation.

59.     As described hereinbefore above at Paragraphs 16, 17, 36 and 37, *supra*, Defendant Karch knowingly made false, misleading and malicious statements regarding the Plaintiff.

60.     As a result of Defendant Karch's false, misleading and malicious statements, Plaintiffs suffered personal humiliation and irreparable damage to their reputation.

61.     As a direct and proximate result of the acts mentioned hereinbefore above, perpetrated by Defendant Karch, Plaintiff suffered the following injuries and damages:

    a.     violation of Plaintiff's rights under the Pennsylvania Common Law;

    b.     Plaintiff suffered irreparable damage to his reputation;

    c.     Plaintiff suffered emotional distress; and

    d.     Plaintiff suffered economic damages related to any and all other consequential costs.

62.     Defendant Karch's actions were willful, wanton and/or done with a reckless disregard for the rights of the Plaintiffs, thereby subjecting Defendant Karch to punitive damages.

    WHEREFORE, Plaintiff demands compensatory general damages against Defendant Karch in the amount proven at trial; compensatory special damages; costs of suit; reasonable

11

attorney's fees as permitted by law; pre- and post-judgment interest as permitted by law; punitive damages against the Defendant Walker; and such other relief, including injunctive and/or declaratory relief, as this Court may deem proper.

                        JURY TRIAL DEMANDED

                        Respectfully submitted,

                        LAW OFFICES OF JOEL SANSONE

                        s/ Joel S. Sansone
                        Joel S. Sansone, Esquire
                        PA ID No. 41008
                        Massimo A. Terzigni, Esquire
                        PA ID No. 317165
                        Elizabeth A. Tuttle, Esquire
                        PA ID No. 322888
                        *Counsel for Plaintiff*

                        Law Offices of Joel Sansone
                        Two Gateway Center, Suite 1290
                        603 Stanwix Street
                        Pittsburgh, Pennsylvania 15222
                        412.281.9194

Dated: December 4, 2020