IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

JAMES SMITH, *et al.*,

          *Plaintiffs*,

v.

GENE KARCH,

          *Defendant.*

Civil Action No. 2:19-cv-1672

Hon. William S. Stickman IV

**MEMORANDUM ORDER OF COURT**

On October 29, 2020, the Court issued a Memorandum Opinion that granted in part and denied in part counts alleged in Plaintiffs' Complaint and gave them leave to amend. (ECF No. 21). They filed their Amended Complaint on December 4, 2020. (ECF No. 29). Currently before the Court is Defendant's Motion to Dismiss Plaintiffs' Amended Complaint (ECF No. 35). For the reasons set forth below, that Motion will be GRANTED IN PART and DENIED IN PART.

The Motion to Dismiss as to Count I (Illegal Search and Seizure) is DENIED. As set forth in the Court's October 29, 2020, Memorandum Opinion, Plaintiffs have adequately pled that Defendant Gene Karch ("Karch") made affirmatively false claims and made material omissions of fact that led to the issuance of the warrant and initiated the chain of events that led to the alleged constitutional violations suffered. Plaintiffs will be afforded discovery on this claim.

As to Count II (Retaliation), Plaintiffs allege that Karch retaliated against them "as a direct and proximate result of their familial association, in direct violation of the First Amendment of the United States Constitution." (ECF No. 29, ¶¶47-51). The Court had previously dismissed this claim because Plaintiffs simply failed to assert any plausible claim that the actions of Karch

1

violated a protected interest under the First Amendment. (ECF No. 21, pp. 11-12). As set forth in the Court's previous Memorandum Opinion, Plaintiffs have, again, failed to plead a plausible claim for First Amendment retaliation. The Constitutional protections are focused on actions and policies that attempt to hinder the formation and maintenance of intimate relationships. *Pi Lambda Phi Fraternity, Inc. v. University of Pittsburgh*, 229 F.3d 435, 441 (3d. Cir. 2000) ("The right of intimate association involves an individual's right to enter into and maintain intimate or private relationships free of state intrusion."). While the Amended Complaint, like the original Complaint, alleges that Karch's actions were motivated by dislike of Plaintiffs' family, it does not allege conduct that implicates the First Amendment. Count II will be DISMISSED. Because the Court has already afforded one chance to amend and that amendment did not cure the pleading defect at this Count, it holds that further amendment would be futile and dismisses Count II with prejudice.

Count III asserts a common law trespass relating to Karch's entry onto Plaintiffs' property without consent. He argues that his presence on Plaintiffs' property was privileged because it was pursuant to a warrant. But, as explained above, the Court is permitting Plaintiffs to proceed on the claim that the warrant was based on false statements and material omissions and was, therefore, invalid. If the warrant was, in fact, legally infirm because of Karch's conduct, Plaintiffs prevail on a claim of trespass. As with Count I, they will be permitted to further explore this cause of action in discovery. The motion to dismiss Count III is DENIED.

Count IV alleges a claim of slander per se. Specifically, Plaintiffs allege that Karch made "false, misleading and malicious statements" and caused, *inter alia*, "irreparable damage to their reputation." Plaintiffs cite to the allegations at Paragraphs 16, 17, 35, 36 and 37 as the factual basis for their slander per se claim. These Paragraphs allege:

> 16. At that time, Plaintiffs believe, and therefore aver, that Defendant Karch made allegations of animal abuse against the Plaintiffs which Defendant Karch knew, or should have known, were patently false.
>
> 17. Defendant Karch's statements were untrue, misleading, highly inflammatory, inappropriate and deliberately painted the Plaintiffs in a poor and false light to members of their community and otherwise defames the Plaintiffs' characters.
>
> 35. Plaintiffs believe, and therefore aver, that Defendant Karch, Mr. Thomson and/or Ms. Combs made an unfounded and unsupported complaint to Child and Youth Services ("CYS") after the completion of the unlawful search and seizure.[1]
>
> 36. This complaint, as described hereinbefore above, was untrue, misleading, highly inflammatory, inappropriate and deliberately painted the Plaintiffs in a poor and false light to members of their community and otherwise defamed Plaintiffs' characters.
>
> 37. On or about September 5, 2019, a CYS worker arrived at the Plaintiffs' home to investigate the aforementioned complaint.

(ECF No. 29).

Karch argues that the Amended Complaint alleges only communications that were made to law enforcement authorities for the purposes of initiating an investigation. Karch correctly points out that statements made to law enforcement for the purposes of inducing prosecution are absolutely privileged and cannot serve as the basis for a defamation claim. *See Pennoyer v. Marriott Hotel Services, Inc.*, 324 F.Supp.2d 614, 619 (E.D.Pa. 2004). This privilege is absolute and will not be vitiated even where the statements were both false and malicious. *Pawlowski v. Smorto*, 588 A.2d 36, 41-42 (Pa. Super. 1991).

---

[1] Plainitiffs do not specifically list Paragraph 35 in Count IV, but it is necessary to contextualize Paragraphs 36 and 37, which are enumerated in Count IV.

Further, privilege aside, the Pennsylvania General Assembly has provided a statutory framework governing the burden of proof on claims sounding in defamation. 42 Pa.C.S.A. §8343. It provides, in relevant part:

> **(a) Burden of plaintiff.**--In an action for defamation, the plaintiff has the burden of proving, when the issue is properly raised:
>
> (1) The defamatory character of the communication.
> (2) Its publication by the defendant.
> (3) Its application to the plaintiff.
> (4) The understanding by the recipient of its defamatory meaning.
> (5) The understanding by the recipient of it as intended to be applied to the plaintiff.
> (6) Special harm resulting to the plaintiff from its publication.
> (7) Abuse of a conditionally privileged occasion.

42 Pa.C.S.A. §8343(a). Although plaintiffs are not required to prove their case in their Amended Complaint, they must still set forth allegations that would support the elements for their claim. Here, Plaintiffs have simply failed to do so. The only specific communications that they point to were privileged statements to law enforcement. They have alleged no further communications. Much less the other elements of Section 8343(a) (even allowing for the presumption of harm in a case of defamation per se). Plaintiffs have not asserted a plausible claim for slander per se. Karch's Motion to Dismiss Count IV is GRANTED.

As a final matter, Karch reasserts his argument that he is entitled to qualified immunity, incorporating by reference the argument asserted in support of his initial Motion to Dismiss. The Court has previously held that the invocation of qualified immunity was premature. (ECF No. 21, p. 18). The Court reaches the same conclusion here.

AND NOW, this 19th day of April, 2021, the Court hereby DISMISSES Counts II and IV.

April 19, 2021                               BY THE COURT:

                                             /s/ William S. Stickman IV
                                             _____
                                             WILLIAM S. STICKMAN IV
                                             UNITED STATES DISTRICT JUDGE